IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 18, 2008 Session

# RONNIE BERKE v. CHUBB GROUP OF INSURANCE COMPANIES and PACIFIC INDEMNITY COMPANY

### Direct Appeal from the Chancery Court for Hamilton County
### No. 96-0982    Hon. John B. Hagler, Chancellor, Sitting by Interchange

_____

### No. E2007-02132-COA-R3-CV  - FILED AUGUST 14, 2008

_____

This action was filed on October 3, 1996 in the Chancery Court.  The Final Judgment was entered in the Trial Court on September 13, 2007.  On appeal, we vacate and remand for a new trial inter alia due to the unreasonable delay by the Trial Court in rendering judgment.


**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded.**


HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.


Andrew L. Berke, and Megan England Demastus, Chattanooga, Tennessee, for appellant.

William B. Jakes, Nashville, Tennessee, for appellees.


**OPINION**


        Plaintiff filed a Complaint on October 3, 1996, alleging that he had suffered a loss to his home on October 5, 1995, and that he was insured by defendant who had not paid his claim.

        Defendant answered, admitting plaintiff was insured, but denying that the claim remained unpaid.  On July 29, 1997, defendants filed a Motion to Compel regarding plaintiff's failure to answer interrogatories, and an Agreed Order was entered on August 20, 1997, which stated

plaintiff would respond within 30 days. On September 30, 1997, defendants filed a Motion to Dismiss for plaintiff's failure to respond to discovery documents. On July 24, 2000, defendants filed another Motion to Dismiss for failure to prosecute. Plaintiff then filed a Motion to Set, and an Order was entered on August 15, 2000, setting the case for trial on November 28, 2000.

On November 6, 2000, plaintiff filed a Motion to increase the amount sued for, and defendants moved to continue. The Trial Judge then recused himself from the case on November 13, 2000, and another Trial Judge was designated to sit on the case by interchange.

On December 1, 2000, defendants filed a Motion to Set and Impose Deadlines for the Completion of Discovery. On January 16, 2001, the Court entered a scheduling order, and set the trial for August 27, 2001. Defendants then filed a Motion for Continuance on August 16, 2001, and the Court entered an Order resetting the trial by agreement of the parties.

The trial was held on December 19 and 20, 2001. At the conclusion of the proof, the Court took the case under advisement.

On March 17, 2006, approximately 4 ½ years after the trial, the parties filed a joint Motion for Status Conference. On August 23, 2007, the Trial Court entered a Memorandum Order stating that the "undersigned, who accepted assignment of this case from the Chancery Court of Hamilton County, has held this case far too long and expresses his apologies without excuse for the delay." The Court then stated that the plaintiff had failed to prove his claims by a preponderance of credible evidence, that it needed to "recount the bumpy procedural path of this case as facts particularly relevant to the burden of proof", and explained that the plaintiff had failed to prosecute the lawsuit even though pressed by the defendants and the Court. The Court stated that the case laid dormant for two years and 8 months, until another motion to dismiss was filed, and that although the case was dormant, plaintiff had proceeded to put a new roof on the house and commenced an interior renovation at great expense.

The Court stated that all of this detail in the Order was not to embarrass plaintiff, but to show how the lack of progress was compelling evidence against plaintiff's claims, because it was unreasonable for "a man who had the best legal expertise available" to sit in his "leaky home" for two years before putting on a new roof.

The Court then dismissed the complaint and taxed costs to the plaintiff.

Plaintiff then filed a copy of an anonymous letter that was sent to the Court of the Judiciary regarding the Trial Judge's delay in issuing an opinion in this case,[1] and filed a Notice of

---

[1]The letter from the Tennessee Court of the Judiciary, dated May 23, 2007, was addressed to plaintiff's counsel in regard to an anonymous complaint against Judge John B. Hagler, File No. 073098. The letter states:

Appeal.

Plaintiff's issues on appeal are:

1.      Whether the evidence preponderates against the Trial Court's judgment when defendant admitted that plaintiff suffered a loss, and defendant's internal adjuster dismissed the credibility of defendant's estimate of damages?

2.      Whether the Trial Court committed misconduct in this case when it issued an opinion five years after trial, and rather than discussing the evidence, used the order as a method of vindication against plaintiff for an anonymous complaint filed against the Judge?

Plaintiff argues the Trial Court erred in dismissing his claims, when the defendants admitted that plaintiff suffered a loss.  The record demonstrates that defendants obviously believed that plaintiff suffered a loss following the storm in October 1995, and this fact was not really disputed at trial, and the defendants did attempt to adjust the loss.  Essentially, the only dispute regarding the loss was the amount of damages.  The evidence was undisputed that plaintiff suffered the loss after the storm and defendants admitted same by attempting to pay for the loss.  Thus, for the Court to disallow plaintiff's claims in their entirety based simply on plaintiff's perceived lack of interest was harsh and improper.

The Trial Court's attempt to show various delays in the prosecution of this case as being indicative of plaintiff apparently not really having a loss, is not supported by the record.  The record shows that the delays in the prosecution of the case were not egregious, and were not entirely plaintiff's fault. The longest delay, obviously, was the 4 ½ years it took the Court to render a Judgment. Plaintiff explained that he was waiting on the insurance company to work things out with him.  The insurance company adjuster explained that he was waiting on the independent adjuster, and the independent adjuster explained that he was waiting on the contractor.  The evidence did not establish that every delay was plaintiff's fault.

We conclude there was absolutely no basis for the Trial Court to dismiss the plaintiff's claims.

_____

This office is in receipt of an unsigned complaint alleging Judge Hagler took under advisement on or about December 20, 2001, the case of Berke v. Chubb Group . . . and has yet to rule on the case.

If you wish to make any written comments to me, please do so within fifteen (15) days.  I will send Judge Hagler a copy of any correspondence you might send.

The letter was signed by the Hon. Joe G. Riley, Disciplinary Counsel, and a copy of the letter was sent to Judge Hagler.

Reviewing the chronology of events in this case, brings to mind a quote by the Tennessee Supreme Court in *The State ex rel. v. Malone, et al.*, 35 Tenn. 700-726 (Jackson, April 1856) ". . . [w]e think we recognize the surest safeguard for the subject against the license of the crown - the most obvious and approved pledge for the observance of that duty which is imposed on our judges by those memorable words of Magna Charta; nulli vendemus, nulli negabimus, aut differemus, justitiam vel rectum - justice shall neither be delayed, denied, nor sold, but shall be administered impartially to all."[2] Delays of this duration cannot be condoned and result in prejudice to the judicial process. Tenn. R. App. P. 36(b).

We vacate the Judgment of the Trial Court and remand for a new trial to be conducted without further delay. We, in our discretion, assess one-half of the cost of the appeal to the plaintiff and one-half to the defendants.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[2]This is expressed in recent cases as "justice delayed is justice denied", e.g., *Goldberg v. Goldberg*, 1995 Tenn. App. WL 9309.